IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REYNALDO NEGRETE,

      Plaintiff,                         No. CIV S-04-2117 KJM

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                  <u>ORDER</u>

_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

         In a decision dated May 28, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of post-herpetic neuralgia but that this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can perform relatively low stress medium work with certain environmental restrictions; plaintiff cannot perform his past relevant work; there are a significant number of jobs in the national economy that plaintiff can perform; and plaintiff is not

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

    The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

disabled. Administrative Transcript ("AT") 25-26. Plaintiff contends the ALJ improperly discredited his testimony and improperly assessed the severity of his mental impairment.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Credibility

Plaintiff contends the ALJ improperly discredited his subjective complaints. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's

3

discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

1        Plaintiff testified he could not work because of pain and irritation in his neck.
2   AT 214-218.  Plaintiff also testified that he suffered from depression.  AT 218-219.  The ALJ
3   partially discredited plaintiff's claim of disabling pain and depression because of the
4   inconsistency between plaintiff's testimony and the medical records demonstrating only a skin
5   rash with lesions and hypersensitivity.  AT 23, 143-148, 153, 164-170.  The ALJ also noted the
6   lack of treatment for an allegedly debilitating condition and that when plaintiff resumed medical
7   treatment, plaintiff reported to a treating physician that it was because his attorney recommended
8   he do so for purposes of his social security disability proceedings.  AT 23, 169.  Also factored
9   into the ALJ's analysis was plaintiff's self-contradiction reflected in the medical record that his
10  pain was controlled with Motrin yet at the hearing he testified his pain was ever present.
11  AT 169, 216-217.  Also considered by the ALJ were plaintiff's activities of daily living,
12  including the ability to do household chores, shopping, and cooking and his report to the
13  consulting internal medicine evaluator that he could "do almost anything."  AT 23, 92, 150; see
14  also AT 97-103.  The factors considered by the ALJ all were valid and supported by the record.
15  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

    B. Severity of Mental Impairment

17       Plaintiff contends the ALJ improperly assessed the severity of his mental
18  impairment and failed to consider his mental impairment in combination with his post-herpetic
19  neuralgia impairment.  An impairment is "not severe" only if it "would have no more than a
20  minimal effect on an individual's ability to work, even if the individual's age, education, or work
21  experience were specifically considered."  SSR 85-28.  The purpose of step two is to identify
22  claimants whose medical impairment is so slight that it is unlikely they would be disabled even if
23  age, education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 107 S.
24  Ct. 2287 (1987).  "The step-two inquiry is a de minimis screening device to dispose of
25  /////
26  /////

groundless claims." Smolen v. Chater 80 F.3d 1273, 1290 (9th Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001). Impairments must be considered in combination in assessing severity. 20 C.F.R. § 404.1523.

Plaintiff contends his depression is severe and relies on the assessment of treating psychologist Dr. Franklin to support this claim. On January 15, 2004, Dr. Franklin assessed plaintiff's GAF as 46.[2] AT 188. Five days later on January 20, 2004, plaintiff underwent a comprehensive psychological examination by Dr. Black, who diagnosed malingering and adjustment disorder with anxiety and depressed mood. AT 175. Dr. Black found plaintiff was only mildly impaired in certain work-related mental functions. AT 175, 177. The ALJ rejected Dr. Franklin's assessment as not supported by the minimal treatment thereafter sought by plaintiff and the minimal objective findings observed on January 15, 2004. AT 22, 188, 191. The ALJ also rejected Dr. Franklin's assessment as inconsistent with that of Dr. Black, whose opinion rested on his own clinical observations. Resolving this conflict in the records was within the ALJ's province. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); ALJ may resolve conflict where treating professional's opinion contradicted by examining professional's opinion supported by different independent clinical findings). The ALJ committed no error in assessing the severity of plaintiff's mental impairment.

In assessing plaintiff's residual functional capacity, the ALJ incorporated the minimal mental limitations assessed by Dr. Black by limiting plaintiff to relatively low stress work and in the hypothetical posed to the vocational expert. AT 25, 229-230. Thus, the limited
/////

---

[2] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 41-50 indicates serious symptoms such as suicidal ideation, severe obsessional rituals, or serious impairment in social, work, or school functioning.

6

1 | mental impairment supported by the record was properly factored in combination with plaintiff's
2 | physical impairment into the sequential evaluation.
3 |         The ALJ's decision is fully supported by substantial evidence in the record and
4 | based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
5 |         1. Plaintiff's motion for summary judgment or remand is denied, and
6 |         2. The Commissioner's cross-motion for summary judgment is granted.
7 | DATED: March 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
negrete.ss